IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COUNTY OF KAUA`I, | ) | CIVIL 15-00204 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBRA MARIE GIRALD aka DEBRA | ) | |
| MARIE MATTHEWS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST ALL PARTIES AND FOR INTERLOCUTORY DECREE OF FORECLOSURE**

Before the Court is Plaintiff/Counterclaim Defendant County of Kauai's ("the County") Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure ("Motion"), filed on July 24, 2015. [Dkt. no. 26.] Defendant/Counter claimant/Cross claimant United States Department of Agricultural Rural Housing Service ("the United States") filed a statement of no opposition on August 24, 2015. [Dkt. no. 39.] Pro se Defendant/Cross defendant Debra Marie Girald, also known as Debra Marie Matthews ("Girald"), did not respond to the Motion. Pursuant to an entering order that this Court issued on September 24, 2015, the County filed a supplemental memorandum in support of the Motion ("Supplemental Memorandum") on September 28, 2015. [Dkt. nos. 42, 44.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice

of the United States District Court for the District of Hawai`i
("Local Rules").

On August 25, 2015, this Court issued an entering order
ruling on the Motion ("8/25/15 EO Ruling").  The instant Order
supersedes the 8/25/15 EO Ruling.  After careful consideration of
the Motion and the relevant legal authority, the County's Motion
is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

On August 15, 2007, Girald executed a promissory note
in return for a $65,000.00 loan from the County ("Note"), which
was secured by a Gap Mortgage on a unit in the condominium
project known as Ho`okena at Puhi ("Mortgage" and "Property").
[Motion, Decl. of Indebtedness,[1] Exh. 1 (Note), Exh. 2
(Mortgage).]  Girald used the money from her loan from the County
and the money from another loan to purchase the Property.  The
other loan was secured by a first mortgage with the United States
("First Mortgage").  [Mortgage at 2; Franco Decl. at ¶ 4.]  The
First Mortgage secured a Promissory Note that Girald executed in
return for a $180,500.00 loan from the United States ("First
Note").  [United States' Answer to Plaintiff's Complaint Filed

---

[1] Steven Franco, a Homebuyer Specialist for the County,
prepared the Declaration of Indebtedness ("Franco Declaration").
[Franco Decl. at ¶ 1.]  He states that, "[i]n the regular
performance of [his] job functions, [he is] familiar with
business records maintained by the County for the purpose of
servicing mortgage loans."  [Id. at ¶ 2.]

April 22, 2015, Exh. A (First Note).]

Girald failed to make her required payments of
principal and interest to the County, rendering her in default on
the Note and Mortgage.  [Franco Decl. at ¶ 5.]  On March 4, 2015,
Matthew Bracken, Esq., counsel for the County, sent Girald a
letter formally notifying her that she was in default of the Note
and the Mortgage ("Default Letter").  [Motion, Decl. of Counsel
("Bracken Decl.") at ¶ 3, Exh. 3 (Default Letter).]  The Default
Letter states that, as of March 3, 2015, Girald's "loan was past
due in the amount of $1,973.15."  [Default Letter at 1.]  It also
stated that, if she did not pay all past due amounts within
thirty days, the County would accelerate the loan, rendering all
principal, interest, and fees immediately due.  [Id.]

Girald failed to cure the default, and the County
exercised its option to accelerate the loan and declare the
entire amount due.[2]  [Franco Decl. at ¶ 5.]  As of July 15, 2015,
Girald had not made any payments on her loan and owed the
following: loan balance - $65,000; interest accrued - $15,364.93;

[2] For example, the Note states:

> If I am in default, the Note Holder may send me a
> written notice telling me that if I do not pay the
> overdue amount by a certain date, the Note Holder
> may require me to pay immediately the full amount
> of principal which has not been paid and all the
> interest that I owe on that amount.

[Note at 3, ¶ 6.C.]

and fees accrued - $169.11.  [Id., Exh. 4 (Payment History Statement).]  Thus, the total amount due, as of July 15, was $80,534.04.  [Id.]  In addition, the Mortgage provides that, "[o]ut of the proceeds of any foreclosure sale, the Lender may deduct all costs and expenses of any remedy pursued, including attorney's fees, may pay and discharge any lien, either prior or junior to this Mortgage, on said Property."  [Mortgage at 7, § 19.]

    The County filed this action in state court on April 22, 2015.  The Complaint seeks, *inter alia*: a determination of the amount that Plaintiff owes under the Note and Mortgage, including attorney's fees; a declaration that the amount due is a valid and enforceable lien against the Property; and the appointment of a commissioner to sell the Property.  [Complaint at 4.]  On June 2, 2015, the United States removed the action pursuant to 28 U.S.C. § 1442(a)(1).[3]  [Notice of Removal of Civil

_____

    [3] Section 1442 states, in pertinent part:

        (a)  A civil action or criminal prosecution that
        is commenced in a State court and that is against
        or directed to any of the following may be removed
        by them to the district court of the United States
        for the district and division embracing the place
        wherein it is pending:

            (1)  The United States or any agency thereof
            or any officer (or any person acting under
            that officer) of the United States or of any
            agency thereof, in an official or individual
            capacity, for or relating to any act under
                                              (continued...)

4

Action at ¶ 4.]   On July 2, 2015, the United States filed its
answer, which included a Counterclaim against the County and a
Cross-claim against Girald.   [Dkt. no. 15.]   The answer asks,
*inter alia*, that the Court declare that the United States has a
valid lien on the Property and that any sale of the Property to
satisfy the County's loan "will be subject to, and will not
disturb, Defendant United States' lien on the subject property."
[<u>Id.</u> at 2.]

Girald did not respond to the Complaint, and, on
July 15, 2015, the County filed a request for entry of default.
[Dkt. no. 20.]   On July 23, 2015, the magistrate judge granted
the request, and the Clerk's Office entered the default.   [Dkt.
nos. 24, 25.]

The instant Motion followed.   The County seeks summary
judgment and an order awarding it all of the relief requested in
the Complaint against all Defendants.   Specifically, the County
requests, *inter alia*:

> (1)  A money judgment, pursuant to the terms
> of the Note and Mortgage, and that sum of money,
> including all advances, costs, expenses, and
> attorneys' fees, is declared to be a valid
> judgment, and a valid lien upon the property;

---

[3](...continued)
color of such office or on account of any
right, title or authority claimed under any
Act of Congress for the apprehension or
punishment of criminals or the collection of
the revenue.

(2)  That the interest shall accrue on the note up to the date that the sale of the Property is confirmed;

(3)  Appointment of a commissioner to take possession of the Property and directing the commissioner to collect rents, preserve the Property, and sell the Property for cash, in United States currency, in the manner provided by law and the orders of this Court . . . ;

(4)  Directions to the commissioner providing that after the payment of all necessary expenses of such sale, the commissioner shall make application of all the proceeds thereof so far as the same may be necessary to the payment of the amounts found due and owing: First to Defendant United States Department of Agricultural Rural Housing, then to the County under the Note and Mortgage, including the aforesaid advances, costs, expenses, and attorney's fees toward satisfaction of the money judgment, and the balance, if any, as determined by this Court; [and]

       . . . .

(9)  A finding under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay in entry of the judgment and decree of foreclosure as final judgments[.]

[Mem. in Supp. of Motion at 6-8.]

**DISCUSSION**

I.  **Compliance with Local Rules**

At the outset, this Court notes that Local Rule 56.1(a) requires the party filing a motion for summary judgment to also file "a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the court's determination of the summary judgment motion."  Because the

6

County failed to file a concise statement of facts, this Court is not obligated to consider the materials that the County filed in support of the Motion.  <u>See</u> Local Rule LR56.1(f).[4]

This Court has considered the County's supporting materials, in spite of the County's failure to file a concise statement of facts.  However, this Court emphasizes that it does not condone the County's failure to follow the applicable rules. The Court CAUTIONS the County that the failure to follow the applicable rules in the future may result in sanctions.  For example, if the County's motion for attorneys' fees and costs does not comply with the requirements of Local Rule 54.3, the magistrate judge and/or this Court may impose sanctions.  The sanctions may include, *inter alia*, denying the motion without prejudice, or a reduction in the amount of the award.

The Court now turns to the merits of the Motion.

## II.  <u>Foreclosure</u>

The Mortgage states that it is "governed by federal law and the law of the State of Hawaii in which the Property is located."  [Mortgage at 6, ¶ 15.]  This district court has stated:

---

[4] Local Rule 56.1(f) states that a court reviewing a motion for summary judgment has "no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."  It is required to consider "only those portions of the exhibits specifically identified in the concise statements."  <u>Id.</u>

> In general, there is no federal foreclosure
> law; rather, state law serves as the law of
> decision in foreclosure actions.  See Whitehead v.
> Derwinski, 904 F.2d 1362, 1371 (9th Cir. 1990),
> overruled on other grounds by Carter v. Derwinski,
> 987 F.2d 611 (9th Cir. 1993).  Under Hawaii law, a
> court may issue a foreclosure decree when the
> moving party establishes all four of the
> following: (1) the existence of a promissory note,
> mortgage, or other debt agreement; (2) the terms
> of the promissory note, mortgage, or other debt
> agreement; (3) default by the borrower under the
> terms of the promissory note, mortgage, or other
> debt agreement; and (4) the giving of the
> cancellation notice and recordation of an
> affidavit to such effect.  See IndyMac Bank v.
> Miguel, 184 P.3d 821, 835 (Haw. Ct. App. 2008)
> (citing Bank of Honolulu, N.A. v. Anderson, 654
> P.2d 1370, 1375 (Haw. Ct. App. 1982)); see also
> Haw. Rev. Stats. §§ 667-1 et seq. (providing for
> foreclosure by court action).[5]  The party
> seeking to foreclose must provide evidence of
> default, but need not determine a sum certain
> before obtaining a decree of foreclosure.  Miguel,
> 184 P.2d at 835 (citing Anderson, 654 P.2d at
> 1374).

OneWest Bank, FSB v. Farrar, Civ. No. 12-00108 ACK-KSC, 2014 WL

5023472, at *5 (D. Hawai`i Oct. 8, 2014).

In the instant case, the County has carried its burden

of proving the first three Anderson requirements – the existence

of Girald's loan agreement, the terms of that agreement, and

Girald's default under the terms of the agreement.  As to the

fourth requirement, there is undisputed evidence that: the County

gave Girald notice that it would accelerate her loan if she

failed to make all outstanding payments within thirty days;

---

[5] The Court will refer to these four requirements as the
"Anderson requirements."

[Bracken Decl., Exh. 3 (Default Letter);] and the County exercised its option to accelerate Girald's loan after she failed to make payment [Franco Decl. at ¶ 5].  Thus, the County has established the giving of notice.  However, there is no evidence in the record that the County satisfied the portion of the fourth requirement regarding a recorded affidavit.

The County's argues that it was not required to record an affidavit.  It describes the fourth requirement as "compliance with notice provisions, if any."  [Mem. in Supp. of Motion at 5 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)).]  The County's interpretation of the fourth requirement, however, is not supported by the plain language of the opinion in Anderson.  See 3 Haw. App. at 551, 654 P.2d at 1375 (describing the fourth requirement as "the giving of the cancellation notice and recordation of an affidavit to such effect").  However, Anderson involved the foreclosure on an agreement of sale, not a mortgage.  Id. at 546, 654 P.2d at 1372. The agreement of sale contained an express provision requiring that, "if the Bank desire[d] to cancel the Agreement due to Anderson's default, it must give written notice to her, and record an affidavit stating that notice had been given and the agreement had been cancelled."  Id. at 551, 654 P.2d at 1375.  In the instant case, neither the Note nor the Mortgage require the recording of an affidavit prior to foreclosure.  See Note at 3,

¶ 6.C; Mortgage at 7, ¶ 19.

The Hawai`i Intermediate Court of Appeals ("ICA") reiterated the four <u>Anderson</u> requirements in <u>Miquel</u>, 117 Hawai`i at 520, 184 P.3d at 835, and <u>Miquel</u> involved the foreclosure on a promissory note and mortgage.  <u>See</u> 117 Hawai`i at 510-11, 184 P.3d at 825-26.  Similarly, this district court in <u>Farrar</u> recited the <u>Anderson</u> requirements in considering a motion for summary judgment, default judgment, and an order for interlocutory decree of foreclosure on two promissory notes and mortgages.  2014 WL 5023472, at *1-2, 5.

The County points out that, in more recent cases, the ICA has described the fourth <u>Anderson</u> requirement as "that notice was given as required by the agreement," and the ICA has not included the language about recording an affidavit.  [Suppl. Mem. at 3 (some citations omitted) (citing <u>Wells Fargo Bank, N.A. v. Pasion</u>, 135 Haw. 409, 353 P.3d 412 (Ct. App. 2015); <u>Waianae Cmty. Dev. Project Ass'n ex rel. Bd of Directors v. Quartero</u>, 135 Haw. 216, 347 P.3d 1022 (Ct. App. 2015)).[6]]  Similarly, the County argues that, although this district court has recited the "the giving of the cancellation notice and recordation of an affidavit to such effect" language, in considering the fourth <u>Anderson</u> requirement, this district court merely "look[s] for a

_____

[6] <u>Pasion</u> is available at 2015 WL 4067259, and <u>Quartero</u> is available at 2015 WL 1880783.

cancellation notice found in most note or mortgage agreements."
[Id. at 2 (citing United States v. Guerette, No. 09-00133ACK-KSC,
2010 WL 3260191, at *8 (D. Haw. Aug. 13, 2010) ("[B]ecause there
is no dispute as to whether Defendant Guerette received notice of
cancellation, Plaintiff has satisfied the fourth requirement.");
United States v. Perez, No. CIV. 10-00535 SOM, 2011 WL 2610127,
at *3 (D. Haw. July 1, 2011) ("[T]he Government has satisfied
Anderson's requirement that Perez be notified of the cancellation
of his loan."); United States v. Johnston, No. CV. 08-
00147DAEKSC, 2009 WL 667187, at *3 (D. Haw. Mar. 16, 2009)
("Finally, the requirement under Anderson that Defendants be
notified of the cancellation of the loan has been satisfied.");
OneWest Bank, FSB v. Farrar, No. CIV. 12-00108 ACK-KS, 2014 WL
5023472, at *6 (D. Haw. Oct. 8, 2014) ("Finally, OneWest has
demonstrated that it gave Borrowers notice of its intention to
foreclose.")).]

    This Court has recognized that:

    When interpreting state law, a federal court is
    bound by the decisions of a state's highest court.
    Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422,
    427 (9th Cir. 2011).  In the absence of a
    governing state decision, a federal court attempts
    to predict how the highest state court would
    decide the issue, using intermediate appellate
    court decisions, decisions from other
    jurisdictions, statutes, treatises, and
    restatements as guidance.  Id.; see also
    Burlington Ins. Co. v. Oceanic Design & Constr.,
    Inc., 383 F.3d 940, 944 (9th Cir. 2004) ("To the
    extent this case raises issues of first
    impression, our court, sitting in diversity, must

11

use its best judgment to predict how the Hawai`i
Supreme Court would decide the issue." (quotation
and brackets omitted)).

Evanston Ins. Co. v. Nagano, 891 F. Supp. 2d 1179, 1189 (D.

Hawai`i 2012) (some citations omitted).  In light of the fact-

specific nature of the Anderson requirement about recording an

affidavit, and in light of the ICA's recent exclusion of that

part of the fourth Anderson requirement, this Court predicts that

the Hawai`i Supreme Court would hold that the recording of an

affidavit is not required in every case where the plaintiff moves

for a foreclosure decree.  This Court also predicts that the

Hawai`i Supreme Court would hold that the fourth Anderson

requirement merely requires that the foreclosing party comply

with the notice provisions of the parties' agreement.  This Court

therefore CONCLUDES that it is not required to determine whether

the County recorded an affidavit about the intended foreclosure.[7]

---

[7] This Court notes that, if the recording of an affidavit
was required, it would not accept the County's representations in
the Supplemental Memorandum about the recording of the Notice of
Pendency of Action ("Notice") with the Bureau of Conveyance
("BOC") prior to removal.  See Suppl. Mem. at 4 (citing Doc. 19-3
pgs. 27-29).  The Supplemental Memorandum cites to a document
among the records that the state court transmitted to this
district court after removal, but the document is not a copy of
the Notice that was recorded with the BOC.  The cited document is
merely a copy of the Notice that the County filed in the state
court with its Complaint.  The County neither attached a copy of
the Notice that it recorded with the BOC to the Supplemental
Memorandum nor provided a declaration or affidavit attesting to
the recording of the Notice.  See Fed. R. Civ. P. 56(c)(1)(A)
(stating that a party moving for summary judgment must support
its assertion that a fact "cannot be . . . genuinely disputed" by
(continued...)

Thus, this Court FINDS that there are no genuine issues of material fact as to the four <u>Anderson</u> requirements and CONCLUDES that the County is entitled to judgment as a matter of law as to its request for a foreclosure decree.

## III. <u>Rule 54(b) Judgment</u>

Fed. R. Civ. P. 54(b) sates, in pertinent part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

Hawai`i case law provides that:

> "[F]oreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders." <u>Beneficial Hawaii, Inc. v. Casey</u>, 98 Hawai`i 159, 165, 45 P.3d 359, 365 (2002) (<u>Casey</u>) (quoting <u>Security Pac. Mortgage Corp. v. Miller</u>, 71 Haw. 65, 70, 783 P.2d 855, 857 (1989)) (internal quotation marks omitted). Appeals of foreclosure decrees and their accompanying orders are allowed, even though additional proceedings remain in the circuit court, because of their idiosyncratic nature:
>
> > a foreclosure decree falls within that small class of orders "which finally determine claims of right separable from, and

---

[7](...continued)
"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials").

> collateral to, rights asserted in the action,
> too important to be denied review and too
> independent of the cause itself to require
> that appellate consideration be deferred
> until the whole case is adjudicated."

Casey, 98 Hawai`i at 165, 45 P.3d at 365 (quoting
Int'l Sav. and Loan Ass'n, Ltd. v. Woods, 69 Haw.
11, 15, 731 P.2d 151, 154 (1987)).

Miguel, 117 Hawai`i at 520, 184 P.3d at 835.  In light of the

Hawai`i case law providing that a foreclosure decree is

immediately appealable, this Court FINDS that there is no just

reason to delay the certification of the order of foreclosure as

a final order pursuant to Rule 54(b).

## CONCLUSION

On the basis of the foregoing, the County's Motion for

Summary Judgment Against All Parties and for Interlocutory Decree

of Foreclosure, filed July 24, 2015, is HEREBY GRANTED.

Specifically, this Court FINDS that: 1) as of July 15, 2015,

Girald owed the County $80,534.04 in principal, interest, and

fees; 2) the County is entitled to additional interest accrued

until the date that the foreclosure sale is confirmed; and 3) the

County is entitled to reasonable attorneys' fees and costs

incurred in this case.  The amount of the award will be

determined upon the filing of the County's motion for attorneys'

fees and costs, which will be referred to the magistrate judge.

Further, this Court CONCLUDES that: 1) the amounts owed to the

County constitute a valid and enforceable lien on the Property;

14

and 2) the County is entitled to the appointment of a commissioner to take possession of, maintain, and conduct the foreclosure sale of the Property.

The Court DIRECTS the County to prepare a proposed order of foreclosure. The order of foreclosure shall include a statement that the Court certifies it as a final order pursuant to Fed. R. Civ. P. 54(b). The County shall submit the proposed order to this Court by **October 27, 2015** for review and approval.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 6, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

COUNTY OF KAUA`I VS. UNITED STATES DEPARTMENT OF AGRICULTURE RURAL HOUSING SERVICE, ET AL; CIVIL 15-00204 LEK-BMK; ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST ALL PARTIES AND FOR INTERLOCUTORY DECREE OF FORECLOSURE